Michael E. HANSEN, Petitioner,

v.

Honorable Homer F. WILKINSON, Judge, Third Judicial District Court; Honorable Michael E. Murphy, Judge, Third Judicial District Court; Michael R. Sibbett, Chairman, Utah Board of Pardons and Parole; Members of the Utah Board of Pardons and Parole both past and present whose names are currently unknown; and the State of Utah, Respondents.

No. 930705–CA.

Court of Appeals of Utah.

Jan. 17, 1995.

Michael E. Hansen, pro se.

Lorenzo K. Miller, Asst. Atty. Gen., Jan Graham, Atty. Gen., Salt Lake City, for respondents.

Before JACKSON, BENCH and BILLINGS, JJ.

OPINION

PER CURIAM:

Petitioner filed an original petition for extraordinary writ, along with a motion to proceed in forma pauperis and an affidavit of impecuniosity. This court requested a financial declaration. Petitioner filed a declaration listing income of $120 per month and miscellaneous expenses of $100 per month. The court did not collect a filing fee and subsequently granted petitioner's motion for substituted service, allowing service on the respondents by first class mail. The respondents moved for dismissal under Utah Code Ann. § 64–13–23(5) (1993) for failure to pay a filing fee and costs of service of process. This court entered an order requiring respondents to serve an affidavit from the custodian of inmate accounts reflecting the discretionary funds available to petitioner on the date of filing the petition and on the date of the affidavit preparation. Petitioner had the opportunity to indicate any inaccuracy in the accounting and "to make any other argument why the petition should not be dismissed, without prejudice, for failure to pay an appropriate filing fee and costs of service." Petitioner's response does not assert any inaccuracies in the accounting. However, petitioner contends that the statute creates an unreasonable impairment on the constitutional right of an individual to petition for habeas corpus relief.

Section 64–13–23(5) provides:

(a) Offenders shall not be granted free process in civil actions, including petitions for a writ of habeas corpus, if, at any time from the date the cause of action arose through the date the cause of action remains pending, there are any funds in either account which have not been withheld or are not subject to withholding under Subsection (3) or (4).

(b) The amount assessed for the filing fee, service of process and other fees and costs shall not exceed the total amount of funds the offender has in excess of the indigence threshold established by the department but not less than $25 including the withholdings under Subsection (3) or (4) during the identified period of time.

Utah Code Ann. § 64–13–23(4) (1993) allows withholding for "expenses of incarceration, supervision, or treatment; for court-ordered restitution, reparation, fines, alimony, support payments or similar court-ordered payments; for department-ordered restitution; and for any other debts to the State." The respondents correctly argue that the provisions of the statute cannot be waived, and the court is required to make the determination under the statute.

■ Petitioner relies on *Currier v. Holden*, 862 P.2d 1357 (Utah App.1993). In *Currier*, this court held that the three-month statute of limitations codified at Utah Code Ann. § 78–12–31.1 (1992) was an unreasonable limitation on the constitutional right to petition for a writ of habeas corpus. Petitioner contends that the burden imposed by section 64–13–23(5) is indistinguishable from the burden imposed by the statute of limitations considered in *Currier*, and thus violates article I, section 11 of the Utah Constitution, also known as the "open courts" provision. This position does not have merit. Section 64–13–23(5) does not unreasonably limit a prisoner's right to bring a petition for extraordinary relief. Instead, the statute directs a court to determine the amount of funds available for payment of filing fees and other costs, and places limitations on the amounts that may be assessed. Moreover, contrary to petitioner's argument, the statute is not in conflict with Utah Code Ann. §§ 21–7–2 and 21–7–3 (1991), regarding filings by impecunious litigants. Those statutory provisions require a court to accept filings accompanied by an affidavit of impecuniosity without assessing a filing fee, but also require a court to determine whether the litigant is actually impecunious and to require civil litigants who are not found to be impecunious to pay a filing fee. The respondents correctly note that the petitioner in this case "is not barred from bringing his claims in the future should he decide to adjust his expenditures to pay for litigation costs or should he become truly indigent."

■ Petitioner has not challenged the accounting of the custodian of inmate accounts, and we accept it as correct. The custodian's affidavit states that petitioner has earned roughly $1,623 from August 1993 to August 1994, spending approximately $1,116 on discretionary purchases. On November 22, 1993, eleven days after filing his petition, and two days prior to filing his financial declaration, the account had a balance of $86. On November 23, he spent $81 of this amount on items from the prison commissary. Since November 22, 1993 to the date of the custodian's accounting, petitioner has earned $1,079. Under the circumstances, we conclude that petitioner was able to pay the filing fee of $100 and the costs of service of process. Accordingly, this court is precluded by section 64–13–23(5) from granting free process or a waiver of the filing fee.

The motion to dismiss is granted, and the petition is dismissed without prejudice.

JACKSON, BENCH and BILLINGS, JJ., concur.